UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW RICHARDSON,

    Petitioner,

v.                                CASE NO. 8:20-cv-489-TPB-CPT

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Richardson petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for first-degree murder, armed kidnapping, and attempted robbery. (Doc. 1) An earlier order directed the Clerk to stay and administratively close this case because judicially noticed state court records showed that the trial court granted Richardson's request under Section 921.1402, Florida Statutes, Florida's juvenile sentencing statute, for a sentence review hearing. (Doc. 13)

The Respondent notified the Court that the trial court resentenced Richardson, reduced his sentence for first-degree murder from fifty-five years in prison to forty years, and entered an amended judgment on January 10, 2023 *nunc pro tunc* to March 17, 1997, the date of the earlier judgment.

1

(Doc. 14-4 at 11–14)  The Respondent advised that neither party appealed. (Doc. 14)

The Court lifted the stay and directed the parties to submit supplemental briefing to address whether this action became moot after the amended judgment was entered.  (Doc. 15)  The Respondent responds that the action did not become moot but contends that Richardson's petition is untimely.  (Doc. 16)  Richardson replies that the petition is timely because the limitation period started to run from the date when the amended judgment became final.  (Doc. 17 at 1–2)

Because the trial court entered the amended judgment *nunc pro tunc* to the date of the earlier judgment, the amended judgment relates back to the earlier judgment, and this action did not become moot.  *Osbourne v. Sec'y, Fla. Dep't Corrs.*, 968 F.3d 1261, 1267 (11th Cir. 2020) ("[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244.").

Even though the amended judgment did not ministerially correct the earlier judgment and instead substantively amended the judgment, whether a judgment is properly entered *nunc pro tunc* raises an issue of state law, and *Osbourne*, 968 F.3d at 1266 n.4, requires this Court to defer the state court's *nunc pro tunc* designation:

> We note Florida law also provides that "when the court wholly omits an order or wishes to change it, the new order cannot be entered *nunc pro tunc*." *Riha's Estate*, 369 So. 2d at 404. However, Osbourne did not challenge the imposition of the amended sentence *nunc pro tunc* in state court, despite having the opportunity to do so. Further, he does not raise any challenge to the *nunc pro tunc* designation now. Under these circumstances and because the propriety of labeling a Florida judgment "*nunc pro tunc*" is a matter of state law, we do not opine as to whether the imposition of the amended sentence in his case was the proper or correct use of a *nunc pro tunc* designation under Florida law. That is a matter best left to the province of the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("Because 'it would be unseemly in our dual system of government for a federal . . . court to upset a state court conviction without an opportunity to the state courts to correct [an alleged] violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'") (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). Our decision here is limited to the effect of the *nunc pro tunc* designation under Florida law and what effect that designation has on whether the judgment is a new judgment for purposes of § 2244(b).

The Respondent asserts that the petition is untimely. (Doc. 16 at 2–3) Even though the Respondent did not assert the time-bar in the initial response to Richardson's petition (Doc. 8), *Osbourne* had not issued when the Respondent filed the initial response. The Respondent asserts the defense in a supplemental response, filed after *Osbourne* issued and after the Court directed the parties to file supplemental briefs. (Doc. 16) Consequently, the Respondent did not waive the defense. Fed. R. Civ. P. 15(a)(2). *Wood v.*

*Milyard*, 566 U.S. 463, 474 (2012); *Day v. McDonough*, 547 U.S. 198, 202 (2006). Also, because Richardson replied to the supplemental response and presented argument why the petition is not time-barred (Doc. 17), Richardson received notice and an opportunity to respond, and the issue is ripe for review. *Day*, 547 U.S. at 209–10.

In his petition, Richardson asserts that the trial court violated his federal right to due process by not properly instructing the jury on his affirmative defense. (Doc. 1 at 4–6) The one-year statute of limitation started to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On March 17, 1997, the trial court entered a judgment of conviction and sentence for first-degree murder, armed kidnapping, and attempted robbery. (Doc. 8-4 at 3–12) Richardson appealed, and the state appellate court affirmed on April 9, 1999. (Doc. 8-4 at 68) Richardson did not seek further review in the U.S. Supreme Court, and the time to seek that review expired ninety days later — July 9, 1999. Sup. Ct. R. 13(1). The limitation period started to run the next day. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The limitation period continued to run and expired a year later — July 10, 2000. Richardson placed in the hands of prison officials for

mailing his Section 2254 petition on February 26, 2020. (Doc. 1 at 9) Consequently, his petition is untimely.

The limitation period tolls while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). On April 24, 2001, Richardson placed in the hands of prison officials for mailing a motion for post-conviction relief. (Doc. 8-4 at 72–80) Because Richardson filed the motion after the limitation period expired, the limitation period did not toll. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

The trial court granted Richardson post-conviction relief. (Doc. 8-5 at 103–05) To comply with *Miller v. Alabama*, 567 U.S. 460 (2012), the trial court amended his sentence for the first-degree murder conviction by providing him a sentence review hearing after serving fifteen years of his prison sentence. (Docs. 8-5 at 125–26 and 8-6 at 3–7) The trial court entered the amended judgment on May 7, 2019. (Doc. 8-6 at 3) However, because the trial court entered the amended judgment *nunc pro tunc* to March 17, 1997, the date when the initial judgment entered (Doc. 8-6 at 5), the amended judgment was not a new judgment that reset the limitation period. *Osbourne*, 968 F.3d 1261, 1267.

Also, the trial court amended his sentence for the murder conviction at the subsequent sentence review hearing. (Doc. 14-1 at 4–9) The trial court reduced the fifty-five year prison sentence to forty years and entered the second amended judgment on January 10, 2023. (Doc. 14-1 at 11–14) Because the trial court also entered the second amended judgment *nunc pro tunc* to March 17, 1997, the date when the initial judgment entered (Doc. 14-1 at 11–12), the second amended judgment was not a new judgment that reset the limitation period. *Osbourne*, 968 F.3d 1261, 1267.

Richardson asserts that cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012) excuses the time-bar. (Doc. 1 at 8–9) However, "the equitable rule in *Martinez* 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." *Lambrix v. Sec'y, Fla. Dep't Corrs.*, 756 F.3d 1246, 1249 (11th Cir. 2014) (citation omitted).

Because Richardson demonstrates neither an extraordinary circumstance that equitably tolls the limitation period nor a miscarriage of justice based on actual innocence that excuses the time-bar (Doc. 17), his petition for a writ of habeas corpus is time-barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Holland v. Florida*, 560 U.S. 631 (2010).

Even if the petition is timely, the claim in the petition is procedurally barred. A federal court cannot grant a petitioner relief on federal habeas unless the petitioner exhausts the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Richardson asserts that the trial court violated his federal right to due process by not properly instructing the jury on his affirmative defense. The Respondent asserts that the claim is procedurally barred because Richardson failed to exhaust his remedies in state court. (Doc. 8 at 4–5) Richardson did not raise the claim of trial error on direct appeal. (Doc. 8-4 at 33–43) If Richardson returned to state court to exhaust the claim, the post-conviction court would deny the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998).

Richardson concedes that he did not raise the claim in state court but asserts that cause and prejudice excuse the procedural default. (Doc. 10 at 3–7) First, he asserts that appellate counsel was ineffective for not raising

7

the claim on direct appeal. (Doc. 10 at 3–4) "Ineffective assistance of counsel . . . is cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, "[b]efore a habeas petitioner can rely on an allegation of ineffective assistance of counsel to demonstrate cause to excuse a procedural default, he must show that he properly raised the argument in state court, because ineffective assistance is itself a constitutional claim." *Ledford v. Warden, Ga. Diag. Prison*, 975 F.3d 1145, 1161 (11th Cir. 2020) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). Because Richardson failed to raise the claim in a petition alleging ineffective assistance of appellate counsel, appellate counsel's ineffective assistance does not serve as cause to excuse the procedural default.

Second, Richardson asserts that cause and prejudice under *Martinez* excuse the procedural default. (Doc. 10 at 4–7) However, because *Martinez* applies only to an ineffective assistance of counsel claim, and Richardson raises a different type of claim -- trial court error, the *Martinez* cause and prejudice analysis does not excuse the procedural default. *Chavez v. Sec'y, Fla. Dep't Corrs.*, 742 F.3d 940, 945 (11th Cir. 2014) ("We have emphasized that the equitable rule established in *Martinez* applies only 'to excusing a procedural default of ineffective-trial-counsel claims' . . . .") (citation omitted).

Last, Richardson asserts that a miscarriage of justice based on actual innocence excuses the procedural default. (Doc. 10 at 7) He contends that

8

the trial court's failure to properly instruct the jury on his affirmative defense demonstrates his actual innocence. (Doc. 10 at 7) "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because Richardson fails to demonstrate his actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial," actual innocence does not excuse the procedural default. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Consequently, the claim is procedurally barred from federal review.

Accordingly, the Court **DISMISSES** Richardson's petition (Doc. 1) for a writ of habeas corpus as procedurally barred. A certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**